[No. 1380.]

ELZA BROWN *v.* THE STATE.

THEFT—INDICTMENT.—The form for an indictment for theft prescribed by the Act of 1881, known as the "Common Sense Indictment Bill," charges no facts, acts or omissions constituting the offense of theft, and is consequently repugnant to the Constitution of this State.

APPEAL from the District Court of Uvalde. Tried below before the Hon. Thomas M. Paschal.

The conviction was for the theft of two hundred and fifty dollars in money, the property of J. D. Walker. The punishment assessed was a term of six years in the penitentiary.

The one issue involved in this case is disclosed in the opinion.

No brief for the appellant.

*O. S. Eaton*, for the State.

WHITE, P. J. In *Williams* v. *The State*, 12 Texas Ct. App., 395, and in repeated decisions since, it has been held that "the form for an indictment for theft prescribed by the Act of 1881, entitled 'An Act to prescribe the forms of indictments in certain cases,' charges no facts, acts, or omissions constituting the offense of theft, and is therefore repugnant to the Constitution of this State."

This form is followed in the indictment before us; and under it appellant was tried and convicted for theft of two hundred and fifty dollars in money. Defendant's counsel moved the court to quash the indictment, but the motion was overruled. In this the court erred. Because the indictment is fatally defective and charges no offense against the law, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion rendered January 20, 1883.